IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Nancy A. Rigitono, | ) | FILED: JUNE 26, 2009 |
| Plaintiff, | ) ) | 09CV3893 |
| | ) | JUDGE KOCORAS |
| v. | ) No. | MAGISTRATE JUDGE BROWN |
| | ) | CH |
| Collectcorp Corporation, a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | Jury Demanded |

## COMPLAINT

Plaintiff, Nancy A. Rigitono, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection practices violate the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Nancy A. Rigitono ("Rigitono"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Bank of America.

4. Defendant, Collectcorp Corporation ("Collectcorp"), is a Delaware corporation, which acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Collectcorp was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Rigitono.

5. Defendant Collectcorp is licensed to conduct business in Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State, which is attached as Exhibit A.

6. Defendant Collectcorp is licensed to act as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation, which is attached as Exhibit B.

### FACTUAL ALLEGATIONS

7. Ms. Rigitono fells behind on paying her bills, due to a family member's illness, including one she owed to Bank of America. Ms. Rigitono worked out a payment plan with Bank of America to pay it $3,800 to settle the debt in full and borrowed money from family to pay this amount. After paying $3,000, Ms. Rigitono's own bank stopped a debit/payment of $800 from being made to FIA Card Services, as the bank could not identify who this was, nor did Ms. Rigitono recognize it as the name of one of her creditors.

8. Unbeknownst Ms. Rigitono and her bank, FIA Card Services is Bank of America, and by the time Ms. Rigitono sorted this out, Bank of America rescinded the

settlement offer and then demand that Ms. Rigitono immediately pay it more than $6,000 – a sum that was simply impossible for her to pay.

9. Eventually, Bank of America/FIA Card Services hired Defendant Collectcorp to collect this delinquent debt from Ms. Rigitono. Collectcorp sent Ms. Rigitono an initial collection letter, dated June 5, 2009, demanding payment of this delinquent credit card debt. A copy of this letter is attached as Exhibit C

10. Thereafter, on June 8, 2009, Defendant Collectcorp's debt collector, "Ms. Hewitt", called to demand payment of the debt. Ms. Rigitono explained what happened with Bank of America, and was instructed to send Collectcorp the relevant paper work for review.

11. On June 9, 2009, Defendant Collectcorp's debt collector, Ms. Hewitt, again called Ms. Rigitono, and instructed her husband, Joe, to have Ms. Rigitono call her back. When Ms. Rigitono called Ms. Hewitt back, Ms. Hewitt's purported supervisor at Collectcorp answered the call, and informed Ms. Rigitono that she had to pay Collectcorp $6,224 for the Bank of America/FIA Card Services debt immediately, or "legal action would commence".

12. The above collection actions occurred within one year of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g Of The FDCPA –**
**Overshadowing the Validation Notice**

14. Plaintiff adopts and realleges ¶¶ 1-13.

3

15. Section 1692g(a) of the FDCPA requires that, within 5 days of Defendant Collectcorp's first communication to a consumer, an effective validation notice must be provided, i.e., notice that the consumer has 30 days to challenge the validity of the debt and seek verification of it. Moreover, § 1692g(b) further prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

16. Although Defendant Collectcorp's initial form debt collection letter (Exhibit C), contained the required 30-day validation notice, Defendant's follow-up collection telephone call on June 9, 2009 – demanding immediate payment and threatening litigation -- overshadowed, and thus rendered in effective, the validation notice, in violation of 1692g(a) and (b) of the FDCPA. See, Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); see also, § 1692g(b).

17. Defendant's violation of § 1692g(a) and (b) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692e Of The FDCPA -- False Statements

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal

4

status of any debt, or the threat to take any action that cannot legally be taken or that is not intended to be taken, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(5).

20. Defendant's violations of § 1692e of the FDCPA, include, but are not limited to: threatening to take legal action against Ms. Rigitono if the debt was not paid immediately, when, in fact, it had no authority, nor any intention, to commence legal action.

21. Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Nancy A. Rigitono, prays that this Court:

1. Find that Defendant's debt collection practices violated the FDCPA;

2. Enter judgment in favor of Plaintiff Rigitono, and against Defendant Collectcorp, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Nancy A. Rigitono, demands trial by jury.

Nancy A. Rigitono,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: June 26, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com